IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MR. STEVE CLIFF, #142 970, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-574-MHT-CSC |
| | ) | [WO] |
| PRISON CAPTAIN OTIS SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 Complaint filed by Steve Cliff ["Cliff"], an indigent state inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. Cliff asserts concerns about the general state of his safety at Staton and complains he is subjected to abuses of authority by his custodians. Doc. 1 at 3–5; Doc. 1-1 at 1–3. Cliff brings suit against Captain Otis Smith. For relief, Cliff requests his transfer to another correctional facility and $8 million. Doc. 1 at 4.

**II. DISCUSSION**

Upon initiation of this case, Cliff filed a Motion for Leave to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915(a). Doc. 2. However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury."[1] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" when he filed the complaint may not proceed *in forma pauperis* and must pay the filing and administrative fees upon initiation of his case.[2] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

The records of the federal courts of this state establish that Cliff, while incarcerated or detained, has, on at least three or more occasions, had civil actions summarily dismissed as frivolous, malicious, or for failure to state a claim.[3] The cases on which this Court relies in finding a § 1915(g) violation by Cliff are: (1) *Cliff v. Haley, et al*, Civil Action No. 1:99-CV-455-RV-C (S.D. Ala. 1999) (dismissing case as claims were frivolous or failed to state a claim on which relief

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978 (1998), the Court held that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires indigent prisoners who are frequent filers of non-meritorious cases to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the "three strikes" provision encompasses cases summarily dismissed under 28 U.S.C. § 1915(d) prior to the effective date of the PLRA and, thus, counting those cases as strikes does not violate the *Ex Post Facto* Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (citing *Rivera*, 144 F.3d at 728–30) (holding that cases summarily dismissed prior to the effective date of the PLRA are properly considered strikes under 28 U.S.C. § 1915(g) in determining whether an indigent inmate may proceed without prepayment of the full filing fee). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* in limited part, *i.e.*, to the extent it compelled an inmate to plead exhaustion of remedies in his complaint because "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). In addition, as of December 1, 2016, the Judicial Conference imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14. Effective December 1, 2020, the administrative fee was increased to $52.00.

[3] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

could be granted); (2) *Cliff v. Siegelman, et al.,* Civil Action No. 1:99-CV-426-AH-C (S.D. Ala. 1999) (dismissing case as claims were frivolous or failed to state a claim on which relief could be granted); (3) *Cliff v. Lewis, et al.*, Civil Action No. 1:99-CV-230-BH-M (S.D. Ala. 1999) (dismissing case for failure to state a claim); (4) *Cliff v. Alford, et al.*, Civil Action No. 1:97-CV-748-CB-S (S.D. Ala. 1998) (dismissing case as frivolous); (5) *Cliff v. Davis*, Civil Action No. 1:97-CV-741-RV-S (S.D. Ala. 1997) (dismissing case as frivolous); and (6) *Cliff v. Jones, et al.*, Civil Action No. 2:95-CV-1595-SCP-TMP (N.D. Ala. 1995) (dismissing case as frivolous).

Since Cliff has three strikes he may not proceed *in forma pauperis* unless the claims raised in the Complaint demonstrate he was "under imminent danger of serious physical injury" upon filing this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (finding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (holding that to meet the "imminent danger" requirement the "threat or prison condition [must be] real and proximate."). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not

3

some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Claims about an "imminent danger of serious physical injury" cannot be triggered solely by claims of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (holding that "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Moreover, "general allegations" by an inmate regarding the unsafe environment attendant to his confinement in prison "are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

The Court has carefully reviewed the Complaint and Cliff's generalized claims regarding his general lack of safety at Staton regarding past conduct and the potential for future harm he might suffer from both inmates and correctional officers. The Complaint, however, does not indicate Cliff was "under imminent danger of serious physical injury" at the time of filing this cause of action as required to meet the exception allowing circumvention of the directives in 28 U.S.C. § 1915(g). *Medberry*, 185 F.3d at 1193 (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger of serious physical injury" at the time he initiates the suit to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

Based on the foregoing and Cliff's failure to pay the requisite filing and administrative fees upon initiation of this case, the Court concludes this case is due to be summarily dismissed without prejudice. *See Dupree*, 284 F.3d at 1236 (holding that "the proper procedure is for the district court

4

to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be DENIED.

2.  This case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing and administrative fees upon initiation of this case.

It is ORDERED that **on or before March 15, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

 Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on

appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 1st day of March 2021.

                                      /s/  Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE